IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEBORAH MCCOARD AIKEN, aka, DEBORAH MCCOARD and DEBORAH AIKEN<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:10CV967DAK |

This matter is before the court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. On May 27, 2010, Petitioner pleaded guilty to Counts 8 and 16 of the Indictment and was sentenced that same day to 12 months and one day incarceration, followed by a supervised release term of 36 months. The government and court agreed to dismiss counts 7 and 9 at that time.

Petitioner's motion pursuant to 28 U.S.C. § 2255 claims that her guilty plea was unlawfully induced or involuntary because the plea deal was made in connection with other plea deals offered to other members of her family who were also defendants in the criminal case. Petitioner's Statement in Advance of Plea, however, states that Petitioner "knowingly, voluntarily, and expressly waive[s] [her] right to challenge [her] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure,

including but not limited to a motion brought under 28 U.S.C. § 2255." In exchange for Petitioner's waiver, the government agreed to several significant reductions to Petitioner's sentence.

Petitioner also represented to the court that no one had "made threats, promises, or representations to [her] that have caused [her] to plead guilty." Petitioner stated that her "decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of [her] rights, the facts and circumstances of the case, and the consequences of the plea." Petitioner states that she had discussed the case fully with her lawyer, had no additional questions, and was satisfied with her lawyer.

Petitioner knowingly and voluntarily agreed to waive her right to attack her sentence except for reasons of ineffective assistance of counsel and to not file a motion for a downward departure. The Tenth Circuit has held such waivers valid and enforceable with regard to collateral attacks. *United States v. Elliott*, 264 F.3d 1171 (10th Cir. 2001); *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001)("[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."). There is an exception to the rule for challenges claiming ineffective assistance of counsel with respect to entering the plea or negotiating the agreement. *Cockerham*, 237 F.3d at 1183. Petitioner, however, does not claim ineffective assistance of counsel. Petitioner, therefore, has no grounds for challenging her waiver.

Petitioners other two grounds are frivolous claims not supported by any law. Petitioner

claims to be a secured party creditor and sovereign citizen. She also claims that her conviction is a violation of the Constitution because her crimes are victimless crimes and are, therefore, not crimes under the common law. Petitioner is a citizen of this country and is subject to its laws. She was convicted of laws legally passed and enforced. Therefore, the court does not find any of her arguments in this regard as a basis for attacking her sentence.

## CONCLUSION

Based on the above reasoning, Petitioner's motion under 28 U.S.C. § 2255 is DENIED and her case is DISMISSED.

DATED this 4th day of January, 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge